# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52609

<table>
<tr><td>

In the Matter of: John Doe I and Jane Doe I, Children Under Eighteen (18) Years of Age.

STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE,

      Petitioner-Respondent,

v.

JANE DOE (2025-03),

      Respondent-Appellant.

</td><td>

)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)<br>
)

</td><td>

Filed: May 1, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

</td></tr>
</table>

Appeal from the Magistrate Division of the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Karin Seubert, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Eric D. Fredericksen, State Public Defender; Joanna M. McFarland, Deputy Public Defender, Lewiston, for appellant.

Hon. Raúl R. Labrador, Attorney General; Briana Allen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Jane Doe appeals from the magistrate court's judgment terminating her parental rights to her children, John Doe I and Jane Doe I (Children).[1] Doe argues the magistrate court erred in finding that she neglected Children and alternatively, was unable to discharge her parental responsibilities. Doe also argues the magistrate court erred in finding that it is in the best interests of Children to terminate Doe's parental rights because Doe has a strong connection to Children and the magistrate court failed to consider the option of denying the petition to terminate parental

---

[1] Children's biological father's rights were terminated in Docket No. 52608. The parental rights of the father are not at issue in this case.

1

rights and maintaining the option of reunification in the Child Protective Act (CPA) case. The magistrate court's judgment terminating Doe's parental rights is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the biological parent of Children. In June 2023, the Idaho Department of Health and Welfare (Department) filed a CPA petition on behalf of Children. The magistrate court held an adjudicatory hearing on the petition, found Children fell within the purview of the CPA, and placed Children in the custody of the Department. A case plan for Doe was approved after a hearing in August 2023. The State subsequently filed a motion to change permanency goals; the motion was granted, and the State filed a petition to terminate Doe's parental rights to Children. The magistrate court held a trial on the petition in December 2024, where Doe, father, the foster parent, and Department employees testified. The magistrate court subsequently issued its findings of fact, conclusions of law and order terminating Doe's parental rights. The magistrate court found that Doe neglected Children and it is in Children's best interests to have Doe's parental rights terminated. Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id*. The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## ANALYSIS

Doe argues the magistrate court erred in finding her parental rights were subject to termination because she neglected Children and, alternatively, was unable to discharge her parental responsibilities. Doe further argues the magistrate court erroneously believed its only options were between termination of parental rights or dismissal of the CPA case when a third option existed--allowing Doe to "partner" with the foster family while leaving Children in foster care and continue efforts at reunification. Finally, Doe argues the magistrate court erred in determining that it is in Children's best interests that Doe's parental rights be terminated. The State argues the magistrate court did not err because substantial and competent evidence supports its decision to terminate Doe's parental rights.

### A.      Statutory Bases for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

The magistrate court found that the State established Doe's neglect of Children on three separate statutory bases. First, the magistrate court found that Doe neglected Children by not providing proper care and control or subsistence, medical, or other care and control necessary for their well-being because of the conduct or omission of the parent, or the neglect or refusal to provide them. I.C. §§ 16-1602(31)(a) and 16-2002(3)(a). Second, the magistrate court found Doe

neglected the children because she is unable to discharge her responsibilities and, as a result of such inability, Children lack the parental care necessary for their health, safety, and/or well-being. I.C. §§ 16-1602(31)(b) and 16-2002(3)(a). Third, the magistrate court found that Doe neglected Children because she failed to comply with the court's case plan and Children had been in the custody of the Department for fifteen of the most recent twenty-two months. I.C. § 16-2002(3)(b). As a separate statutory basis to terminate Doe's parental rights, the magistrate court found that pursuant to I.C. § 16-2005(1)(d), Doe was unable to discharge her parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injuries to the heath, morals, or well-being of Children because Doe's lack of success in maintaining sobriety prevented her from providing Children with a safe and stable home environment.

Idaho Code Section 16-2005 sets forth the statutory bases upon which parental rights may be terminated. Section 16-2005(1)(b) indicates that neglect is one such ground. Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Section 16-1602(31)(b) provides, in pertinent part, that neglect includes where the parents are unable to discharge their responsibilities to and for the child and, as a result of such inability, the child lacks the parental care necessary for his health, safety, or well-being. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a CPA case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b). Another ground upon which parental rights may be terminated is set forth in I.C. § 16-2005(1)(d), which provides for termination when a parent is unable to discharge parental responsibilities, and such inability will continue for a prolonged indeterminate period and will be injuries to the heath, morals, or well-being of the child. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

On appeal, Doe asserts the magistrate court erred in finding Doe neglected Children. Doe argues that because Children were removed from the care of the father, who accused law enforcement of lying about the reasons for the removal, the circumstances of removal were not

due to Doe's care. Doe further argues that she engaged in visitation and was diligent in her advocacy for Children, which Doe contends reflects her priority of keeping Children safe. While that may be true, Doe fails to do more than generally allege error. A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. I.A.R. 35(a)(6); *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). Doe fails to address either the magistrate court's factual findings or its legal conclusions regarding each of the three statutory bases of neglect. While Doe makes some generalized arguments regarding neglect, Doe fails to provide argument or authority regarding any of the statutory bases on which the magistrate court based its finding of neglect. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). The failure to challenge the magistrate court's findings that Doe neglected Children results in this Court affirming the magistrate court's finding that Doe neglected Children on three separate statutory bases. But even if we review the magistrate court's findings of neglect, they are supported by substantial and competent evidence in the record and as to the finding of neglect based on Doe's inability to discharge her parental responsibilities, that basis of termination is further supported by the magistrate court's reasoning and findings that Doe's parental rights could be terminated pursuant to I.C. § 16-2005(1)(d).

Doe next challenges the magistrate court's finding that her parental rights could be terminated pursuant to I.C. § 16-2005(1)(d) due to her inability to discharge her parental responsibilities. The magistrate court found that Doe had not gained sobriety, despite her extensive efforts and the support provided for her, and had not successfully completed substance use treatment. The magistrate court found that because Doe is not sober, she is unable to: (1) provide Children with a safe and stable home environment; (2) maintain consistent employment or financial stability for herself or Children; (3) consistently practice the parenting skills she learned through parenting classes; and (4) recognize the harm that lack of permanency causes her children.

Doe argues the magistrate court erred because Doe attended medical and dental appointments for Children, requested an autism assessment for John Doe I, participated in a variety of outpatient and inpatient programs during the case and learned methods to maintain sobriety, and has a realistic plan to maintain sobriety. Doe's argument fails because she does not explain how her above behavior negates the magistrate court's finding that her inability to remain sober renders

5

her unable to discharge her parental responsibilities. Instead, Doe acknowledges her lack of sobriety affects her ability to properly care for Children but argues she is "able to parent her children as she has chosen to leave the minors in the care of a trusted made-family member." Doe's statement does not demonstrate that the magistrate court erred in finding Doe was unable to discharge her parental responsibilities. *Doe (2018-24)*, 164 Idaho at 147, 426 P.3d at 1247.

**B.**     **Decision to Terminate**

Doe next argues that the magistrate court erred because "there were options available other than termination of parental rights that the [magistrate] [court] could exercise in order to maintain the option of reunification." Doe cites the magistrate court's findings that acknowledged that Children were placed with fictive kin who knew Doe and communicated with Doe while Children were in care. However, Doe cites no authority in support of her claim that suggests the magistrate court was required to explore options other than termination of Doe's parental rights. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Id*. Nonetheless, as the Department acknowledges, in every case there is an alternative to granting the Department's petition to terminate parental rights: to deny the termination of parental rights petition and continue with the CPA case. I.C. §§ 16-2010(3), 16-1604. However, Doe fails to demonstrate that the magistrate court failed to consider denying the petition for termination and continuing the CPA case. The magistrate court's conclusion that termination is appropriate is supported by substantial and competent evidence in the record.

**C.**     **Best Interests of Children**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests

6

of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

In this case, the magistrate court found that the best interests factors weighed heavily in favor of termination of Doe's parental rights because Doe has not gained sobriety, is unemployed, has provided little to no financial contribution to Children's care since they entered care, and is entirely dependent upon the charity and generosity of friends and family to meet her basic needs. The magistrate court found that, while in care, Children are in a stable, loving, and nurturing home. Regarding John Doe I, the magistrate court found that although he was non-verbal when he entered care, he demonstrated tremendous growth and can now hold a conversation in complete sentences, can count, and identify his colors and shapes. The magistrate court further found that John Doe I engaged in and graduated from services in speech and occupational therapy. Regarding Jane Doe I, the magistrate court found that, since entering care, she has learned to walk, talk, and can now identify colors and shapes, and has reached her developmental milestones without concern. Finally, the magistrate court held that termination of Doe's parental rights will facilitate permanency and on-going stability for Children, which is in their best interests.

Doe argues the magistrate court erred in determining that it is in Children's best interests to terminate her parental rights because the testimony at trial indicated that Doe had a strong bond with Children, Children knew Doe as "mom," and Children have a connection with their siblings. However, Doe does not challenge any of the magistrate court's factual findings regarding Children's improvement in foster care. Doe fails to demonstrate that the magistrate court failed to consider the evidence and essentially asks this Court to re-weigh the evidence. It is well established that the appellate courts in Idaho do not re-weigh the evidence. *In Matter of Doe*, 161 Idaho 398, 407, 387 P.3d 66, 75 (2016).

Doe also argues the magistrate court erred in finding it is in the best interests of Children to terminate Doe's parental rights because the magistrate court did not consider an alternative to termination of parental rights and dismissal of the CPA case. As discussed above, Doe has failed to provide authority in support of her argument that the magistrate court was required to consider an alternative to either terminating Doe's parental rights or dismissing the petition. Moreover, Doe has not shown that the magistrate court failed to consider denying the petition for termination and continuing the CPA case. The magistrate court did not err in concluding that it is in the best interests of Children to terminate Doe's parental rights.

7

## IV.

## CONCLUSION

Substantial and competent evidence supports the magistrate court's decision that Doe neglected Children, was unable to discharge her parental responsibilities, and that termination of Doe's parental rights is in the best interests of Children. The judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.